## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **RAYMOND GORDON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:08-cv-348 (HL) |
| | : | |
| **AUTUMN VILLAGE 2, LLC, et al.** | : | |
| | : | |
| Defendant. | : | |

_____

## <u>ORDER</u>

### I.   INTRODUCTION

This case was commenced in this Court on October 20, 2008.  Consistent with the practices of this Court, the Complaint was subjected to an initial review. Following review of the Complaint, the Court directs Plaintiff to amend consistent with the following.

Plaintiff, Raymond Gordon, commenced a negligence action in this Court after allegedly sustaining injuries from a slip and fall due to a hazard on Defendant's premises.  The Complaint stated Plaintiff "was living at Defendant Autumn Village 2's assisted living facility in Jackson, Georgia." Plaintiff named Autumn Village 2 Assisted Living Facility, LLC and John Doe Nos. 1-5 as Defendants.  As to the John Doe Defendant(s), Plaintiff stated only "John Doe

1

Nos. 1-5 is/are individual(s), partnerships(s), limited partnerships(s), and/or corporation(s) , if any other than the above-named known Defendants, who, on July 22, 2008, owned and/or managed and/or maintained the premises where [Plaintiff] slipped and fell, and/or created the hazard that caused him to fall on that date, and/or contributed to the causation of his fall."

## II.   DISCUSSION

### A.   Citizenship of a Limited Liability Company

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C.A. § 1332(a) (West 2008).  For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business.  28 U.S.C.A. § 1332(c)(1) (West 2008).  Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however.  In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022.  And, therefore, like a

2

corporation, a limited liability company could be deemed a citizen of more than one state.  Furthermore, the party invoking federal jurisdiction bears the burden of establishing the citizenship of the parties.  Rolling Greens MHP, 374 F.3d at 1022 (citing Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)).  To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company.  Id.

**B.     Citizenship of Natural Persons**

With regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purses of diversity jurisdiction.  McCormick v. Anderhold, 293 F.3d 1254, 1257 (11th Cir. 2002).   Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'"  Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)).  Further, a person may reside in one place but be domiciled in another.  Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).  Thus, mere residency is not enough to establish citizenship for diversity jurisdiction.[1]

**C.     Citizenship of John Doe(s)**

---

[1]     Although the partying invoking federal jurisdiction ultimately bears the burden of proof when jurisdiction is challenged, Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081,1082 (5th Cir. 1975), for purposes of pleading an allegation of citizenship of an individual, stating that the individual is a "citizen" of a particular state is sufficient.  See Fed. R. Civ. P., Appendix of Forms, Form 7(a).

There is no federal statute or procedural rule that provides for the use of fictitious defendants in federal court.  Although certain limited exceptions exist, generally the use of a fictitious party pleading device in federal court destroys diversity of citizenship under 28 U.S.C. § 1332.  <u>McAllister v. Henderson</u>, 698 F. Supp. 865, 869 (N.D. Ala. 1988); See 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3642 (unless it can be shown with some certainty that the fictitious defendants are residents of another state, federal courts do not have diversity jurisdiction).

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."  <u>Kelly v. Harris</u>, 331 F.3d 817, 819 (11th Cir. 2003).  In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking in three respects.  First, Plaintiff failed to identify the citizenship of each of the members of Defendant Autumn Village 2 Assisted Living Facility, LLC.  Second, Plaintiff also failed to sufficiently plead its own citizenship.  Finally, given the circumstances of the case, whereby the Plaintiff has yet to ascertain the fictitious party defendants, and where it is not only uncertain, but unlikely, that the Plaintiff can establish the diversity of citizenship of the potential defendants, the use of "John Doe" defendants is not permitted.

As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of

4

subject matter jurisdiction.  However, the Court is of the opinion that Defendant should be allowed to amend to correct the deficiencies noted.  Accordingly, Defendant shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

## III.    CONCLUSION

For the aforementioned reasons, Plaintiff shall have twenty (20) days from the entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 21st day of October, 2008.


*s/  Hugh Lawson*
 **HUGH LAWSON, JUDGE**

wjc